

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ANTONIO GREGORY BROOKS,

Plaintiff,

v.                                    Civil Action No. 24-CV-02381

City of Alexandria Probation, et.al.

Defendants.

## PLAINTIFF'S NOTICE OF APPEAL AND MOTION FOR RECONSIDERATION AND REVIEW PURSUANT TO FEDERAL AND LOCAL RULES

COMES NOW the Plaintiff, Antonio Gregory Brooks, proceeding pro se, and respectfully submits this Notice of Appeal and Motion for Reconsideration, pursuant to Federal Rules of Civil Procedure 59(e), 60(b), and Local Civil Rule 7(F) of the Eastern District of Virginia, as well as applicable provisions of Federal Rules of Appellate Procedure 3 and 4, requesting review and reconsideration of the Court's order of dismissal entered in this matter.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

1. Plaintiff respectfully brings this appeal and motion for reconsideration on the grounds that he did not receive proper notification of the Court's ruling or order of dismissal in this matter. Plaintiff further asserts that such lack of notice materially impeded his ability to timely respond, object, or file appropriate post-judgment motions within the prescribed periods set forth under Fed. R. App. P. 4(a) and E.D. Va. Local Civil Rule 7(F)(1).
2. Upon review of the docket, Plaintiff observed that several Defendants were granted extensions of time on the basis that they allegedly did not receive proper service or notice of the initial filing—an inconsistency which materially suggests that notification irregularities affected both parties, and potentially compromised the procedural integrity of the proceedings.
3. The Court's ultimate dismissal of this case appears to have relied on the assertion that Plaintiff failed to request or schedule an in-person hearing. However, as evidenced in the record and Plaintiff's prior filings, explicit requests were made for the Court to (a) schedule an in-person hearing, or alternatively, (b) render a decision on the merits based on the filed briefs and evidentiary materials. Thus, the reasoning for dismissal was not only factually inaccurate but reflects a misreading or omission of Plaintiff's submissions.

## II. GROUNDS FOR APPEAL AND RECONSIDERATION

### A. Lack of Notice and Due Process Violation

Plaintiff did not receive official notice of the Court's final judgment or order of dismissal, as required under Fed. R. Civ. P. 77(d) and E.D. Va. Local Civil Rule 11(A). Failure of the Clerk's Office or electronic system to provide such notice constitutes a due process violation, materially affecting the Plaintiff's right to appeal and respond.

The United States Supreme Court has affirmed that notice is a fundamental element of procedural due process (see Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

### B. Disparate Treatment Regarding Service and Notice

It is particularly concerning that multiple Defendants were afforded extensions or leniencies on the grounds of alleged notice deficiencies, yet the Plaintiff's own lack of notice was neither acknowledged nor remedied. This imbalance in procedural fairness contravenes the Equal

Protection Clause and the basic principles of parity embedded within Fed. R. Civ. P. 1, which mandates "the just, speedy, and inexpensive determination of every action."

### C. Improper Dismissal Without Consideration of Filings

The Court's dismissal order failed to account for Plaintiff's explicit motion requesting an in-person hearing and alternative disposition on the merits. As such, the dismissal was predicated on an incorrect assumption that no such request was made.

This oversight represents clear error under Fed. R. Civ. P. 60(b)(1) (mistake or inadvertence by the Court) and provides valid grounds for reconsideration or vacatur of judgment under Fed. R. Civ. P. 59(e).

## III. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Reopen the case and vacate the prior dismissal order pursuant to Fed. R. Civ. P. 60(b) on the grounds of lack of notice and mistake.
2. Recognize Plaintiff's appeal as timely under Fed. R. App. P. 4(a)(6), which allows reopening of the appeal period when notice of judgment was not received.
3. Set a hearing date for oral argument or in-person presentation, as originally requested, to ensure full and fair consideration of the substantive issues.
4. Order the Clerk of Court to provide Plaintiff with certified copies of all docket entries and filings relevant to the dismissal and related orders.
5. Grant such other and further relief as this Court deems just and proper under the circumstances.

## IV. CONCLUSION

This appeal arises not from delay or neglect, but from procedural irregularities that compromised the Plaintiff's constitutional right to due process and access to the Court. The record demonstrates that notice failures and administrative inconsistencies prejudiced the Plaintiff's ability to fully prosecute his claims and protect his rights.

Respectfully, equity and the integrity of the judicial process warrant the reopening and review of this matter.

Respectfully Pro Se,

*[signature]*

Antonio Gregory Brooks

[Address: 2701 Park Center Drive, Apt. 905B, Alexandria, VA 22302]

[Phone: 910-987-0787 | 323-327-5807]

[Email: antoniobrooks20@gmail.com]

Date: 17 January 26

## Certificate of Service

I hereby certify that a copy of the foregoing Notice of Appeal and Motion for Reconsideration was mailed and/or electronically served upon all parties of record on this 17 day of January, 2025, in compliance with Fed. R. Civ. P. 5(b) and Local Civil Rule 7(K).

*[signature]*

Antonio Gregory Brooks, Pro Se